## TOLEDO CORPORATION v WINEBURGH

Ohio Appeals, 6th Dist., Lucas Co

No. 2553. Decided June 29, 1931

Marshall, Melhorn, Marlar & Martin, of Toledo, for Toledo Corporation.

Fraser, Hiett, Wall & Effler, Toledo, for Wineburgh.

LLOYD, J.

The question involved concerns two instruments of writing intended to be, but which in fact were defective as leases of certain real estate in Toledo, because not witnessed and acknowledged by the lessor as provided by statute. The Corporation was the assignor of the original lessor and each of these instruments was signed by the assignor of the Corporation and by Wineburgh, who were designated therein as lessor and lessee respectively. Each of them was for a term of five years commencing on November 1, 1924 at a certain aggregate rental payable in monthly installments and each contained various conditions as to the purpose for and the manner in which the premises leased were to be used. More than thirty days prior thereto, Wineburgh notified the Corporation in writing that he would vacate and surrender the premises on or about August 31, 1928, and in accordance with the notice so given he vacated the premises on September 1, 1928, paying in full all rentals due to that date. By its action, commenced in the Court of Common Pleas, the Corporation seeks to recover damages of Wineburgh for his refusal further to perform these two alleged contracts. Because Wineburgh was privileged to regard these written instruments ineffective as leases for terms of five years, it does not follow that he may disregard them as contracts. We see no statutory objection to parties executing such contracts if they so desire, and Wineburgh having signed those here in question there is no apparent reason why they should not be as valid and obligatory as any other form of contract which the law permits. In other words, a written instrument in form a lease, signed by both the lessor and lessee, although invalid as a lease, is none the less a contract upon which a cause of action at law arises in favor of the lessor for a breach thereof by the lessee. So long as Wineburgh continued to perform the contracts, the Corporation had no cause for complaint, but when he refused to perform the contractual obligations to which he had expressly agreed, a cause of action thereon arose in favor of the Corporation.

The judgment of the Court of Common Pleas is therefore reversed and the cause remanded to that court for further proceedings according to law.

RICHARDS and WILLIAMS, JJ, concur.